CONNELL *v.* PIONEER COOPERAGE COMPANY.

Opinion delivered February 7, 1927.

TAXATION—LANDOWNER PAYING TAXES ON TIMBER SEPARATELY OWNED.—
Where, at the time of assessments of taxes, the owner of land also owned the standing timber, the land and timber were properly assessed jointly, and a subsequent purchaser of the land, apart from the timber, who voluntarily paid the taxes on both land and timber, cannot recover the proportionate amount of the taxes on the timber from the purchaser thereof, either under or independently of Crawford & Moses' Dig., §§ 9940-1, which authorize separate assessments of land and timber only where timber rights are held by another than the landowner.

Appeal from Conway Chancery Court; *John E. Martineau,* special Chancellor; affirmed.

*Strait & Strait,* for appellant.

*Edward Gordon,* for appellee.

McCULLOCH, C. J. Appellant is the owner of certain lands situated in Conway County (exclusive of the standing timber thereon), and appellee, Pioneer Cooperage Company, is the owner of the timber, both having purchased from the same grantor, who was the owner of the unseparated land and timber. Each of the parties

purchased from Morgan, the owner, after the taxes for 1924 had been duly assessed and extended on the tax-books for payment of State and county taxes and road improvement taxes, but before same became payable, on the first Monday of January, 1925. There was no separate assessment of the timber for that year, and the taxes on the land, including the timber, were paid as assessed by appellant, who instituted this action in the chancery court of Conway County against said appellee, alleging that the timber is far more valuable than the land, and praying for an accounting of the proportionate amount of taxes on the timber, and that decree be rendered against appellee in favor of appellant for recovery of the amount of such proportionate part of the taxes. The court sustained a demurrer to the complaint, and, upon dismissal of the complaint, appellant has duly prosecuted this appeal.

This action is predicated upon the statute which provides for separate assessment of land and timber when owned by different persons. The statute reads as follows:

"Section 9940. When the timber rights in any land shall, by conveyance or otherwise, be held by one or more persons, firm or corporation, and the fee simple in the land by one or more persons, firm or corporation, it shall be the duty of the assessor, when advised of the fact, either by personal notice or by recording of the deeds in the office of the recorder of the county, to assess the timber rights in said lands separate from the soil and to the owner of said timber right, and said soil shall be assessed to the owner thereof. And in such case a sale of the timber rights for nonpayment of taxes shall not affect the title to the soil itself, nor shall a sale of the latter for nonpayment of taxes affect the title to the timber rights.

"Section 9941. It shall be the duty of the assessor to assess said timber rights with a description of the land on the real estate taxbooks; and said assessment shall be marked 'timber,' and, upon the nonpayment of taxes so assessed against said timber, the same shall be

advertised with a description of the land as 'timber,' giving the character or kind of such timber, in some newspaper, as now provided by law for nonpayment of taxes on land, and said timber shall be sold as now provided by law for the sale of delinquent lands.'' Crawford & Moses' Digest.

We are of the opinion that the court was correct in sustaining the demurrer, for the remedy sought by appellant is one purely of statutory creation, if it exists at all, and we do not find that the statutes referred to provide for recovery under circumstances set forth in the complaint. In other words, the statute does not authorize separate assessment of standing timber and collection of taxes thereon except in cases where "the timber rights in any land shall, by conveyance or otherwise, be held by one or more persons, firm or corporation and the fee simple in the land by one or more persons, firm or corporation * * *.''

According to the allegations of the complaint, the joint assessment against the land and timber was correct, for there had not been a separation of the timber rights from the ownership of the soil. The situation did not come within the operation of the statute, and appellant is without remedy to recover taxes which he voluntarily paid on the land and timber. The appellant would have no remedy independent of the statute, and, since we find his case does not fall within the statute, he is without remedy.

Affirmed.